IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIKA KULIKOVA,<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC, et al.,<br><br>Defendants. | Case No. 24-cv-01864-MMC<br><br>**ORDER GRANTING MOTIONS TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are three motions: (1) defendant Old Republic Title Company's ("Old Republic") "Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)," filed April 16, 2024; (2) defendants NewRez LLC, dba Shellpoint Mortgage Servicing ("Shellpoint"), Caliber Home Loans, Inc. ("Caliber"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Nationwide Title Clearing, LLC's ("Nationwide") Motion, filed April 25, 2024, "to Dismiss Plaintiff Monika Kulikova's Complaint"; and (3) defendant National Default Servicing Corporation's ("NDSC") "Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)," filed April 25, 2024. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the above-referenced motions, the Court rules as follows.[1]

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

---

[1] By order filed May 30, 2024, the Court took the matters under submission.

699 (9th Cir. 1990).  In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

The Court considers, in turn, the arguments made in the three motions to dismiss.

**A. Old Republic**

Plaintiff Monika Kulikova ("Kulikova") asserts against Old Republic a single claim, her Fourth Claim, which Old Republic argues is subject to dismissal.  As set forth below, Old Republic's motion to dismiss will be granted.

In her Fourth Claim, Kulikova alleges that all defendants violated 15 U.S.C. § 1692g, a subsection of the Fair Debt Collection Practices Act ("FDCPA"), which subsection requires a "debt collector" who receives notification that a "consumer" has disputed a "debt" to respond to the consumer within a specified period of time.  See 15 U.S.C. § 1692g(b).

In support of said claim as it pertains to Old Republic, Kulikova alleges that Old Republic "recorded" in March 2017 the "Grant Deed" for a property she purchased in Richmond, California (see Compl. ¶ 20), and that, on three occasions, once in 2023 and twice in 2024, said defendant did not respond to a request she sent, seeking what she refers to as a "full disclosure validation" (see Compl. ¶¶ 56, 62, 69).  Said allegations fail, however, to state a claim against Old Republic, as Kulikova fails to allege any facts to support a finding that Old Republic is a debt collector.  See 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate

2

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

Accordingly, to the extent the Fourth Claim is asserted against Old Republic, the Fourth Claim is subject to dismissal.

**B.  Shellpoint, Caliber, MERS, and Nationwide**

Defendants Shellpoint, Caliber, MERS, and Nationwide seek dismissal of all claims asserted against them.  As set forth below, said defendants' motion to dismiss will be granted.

**1.  Second Claim**

In her Second Claim, Kulikova alleges Shellpoint, one of two entities that serviced a loan Kulikova obtained to purchase the above-referenced property in Richmond, California (see Compl. ¶¶ 19, 21, 25), violated 15 U.S.C. § 1692e, a subsection of the FDCPA prohibiting a "debt collector" from making false statements in connection with debt collection.  Such claim, however, is not cognizable against entities who are "security interest enforcers," i.e., entities engaged in "servicing of [a] home loan."  See Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 966, 970 (9th Cir. 2017) (holding "security interest enforcers" are not "debt collectors" for purposes of claims under § 1692e).

Accordingly, the Second Claim is subject to dismissal.

**2.  Third Claim**

In her Third Claim, Kulikova alleges Shellpoint, as well as Caliber, the initial loan servicer (see Compl. ¶¶ 21-22), violated a subsection of the FDCPA not specified in the Complaint, by "increas[ing]" the amount of "principal and interest" owed on her loan after she "tendered in full" (see Compl. ¶ 85).  As the only subsection of the FDCPA under which a loan servicer theoretically can be held liable is § 1692f(b), see Dowers, 852 F.3d at 970 (holding FDCPA "regulates security interest enforcement activity . . . only through Section 1296f(6)")), the Court next considers whether Kulikova sufficiently alleges a violation of § 1692f(b).

Section 1692f(b) prohibits, under limited circumstances, "[t]aking or threatening to take any nonjudicial action to effectuate dispossession or disablement of property," see 15 U.S.C. § 1592f(6), specifically, where "there is no present right to possession of the property claimed as collateral through an enforceable security interest," see 15 U.S.C. § 1592f(6)(A), "there is no present intention to take possession of the property," see 15 U.S.C. § 1592f(b)(B), or "the property is exempt by law from such dispossession or disablement," see 15 U.S.C. § 1592f(b)(C).

Kulikova alleges she was subjected to a "wrongful foreclosure." (See Compl. ¶ 1.) As she does not, however, allege Caliber initiated the foreclosure or threatened to do so at any time, no claim under § 1592f(6) is stated against Caliber.

With respect to Shellpoint, Kulikova alleges the foreclosure occurred after December 26, 2023, and that such foreclosure was conducted by NDSC, a trustee appointed by Shellpoint. (See Compl. ¶¶ 1, 50-51.) In support of her contention that the foreclosure was wrongful, Kulikova alleges that, earlier in 2023, she sent Shellpoint an "instrument" in the amount of $499,511.11, which, she states, resulted in her "account" being "tendered in full." (See Compl. ¶ 28.) In light of such allegation, the Court construes the Third Claim as asserting that Shellpoint, in contravention of § 1592f(6)(A), caused a foreclosure to occur when the lender had no right to possession. As set forth below, however, Kulikova's allegations are insufficient to state such a claim.

The above-referenced "instrument," which is attached to the Complaint (see Compl. Ex. C), purports to be drawn on an account with "UST," located at 1500 Pennsylvania Avenue N.W., Washington, DC, 20220, the address of the United States Treasury.[2] Kulikova fails to allege, however, that said instrument could be negotiated, i.e., that Shellpoint could have presented the instrument for payment and received funds in exchange. Indeed, it appears no such allegation could be made. As the Sixth Circuit

---

[2] The Court takes judicial notice of the address of the United States Treasury, which is listed on its website. See https://home.treasury.gov/utility/contact.

4

has explained, "the United States Treasury maintains no depository accounts against which an individual could draw a check, draft, or any other financial instrument." See United States v. Anderson, 353 F.3d 490, 500 (6th Cir. 2003).  Consequently, "[c]ourts have consistently found . . . bills of exchange, notes, and letters of credit supposedly drawn on treasury accounts are not legal lender and are, in fact, nothing more than worthless pieces of paper."  See In re Hill, 2015 WL 5575499, at *3 (Bankr. E.D. Tenn. September 18, 2015) (internal quotation, alteration, and citation omitted) (citing cases). In sum, Kulikova having failed to sufficiently allege the above-described instrument sufficed to pay off her loan, and Kulikova not having alleged she otherwise made payments on her loan, Kulikova fails to plead the lender had no right to possession of the subject property.

Accordingly, to the extent the Third Claim is asserted against Shellpoint and Caliber, the Third Claim is subject to dismissal.

### 3. Fourth Claim

The Fourth Claim, as noted above, asserts all defendants violated § 1692g.

Kulikova alleges no facts from which it can be determined what part, if any, MERS or Nationwide assertedly played in connection with Kulikova's loan.  With respect to Shellpoint and Caliber, the alleged loan servicers, the FDCPA, as discussed above, "regulates security interest enforcement activity . . . only through Section 1296f(6)."  See Dowers, 852 F.3d at 970.

Accordingly, to the extent the Fourth Claim is asserted against Shellpoint, Caliber, MERS, and Nationwide, the Fourth Claim is subject to dismissal.

### 4. Fifth Claim

In her Fifth Claim, Kulikova alleges Shellpoint violated the Fair Credit Reporting Act by not reporting that Kulikova's account "ha[d] been tendered in full." (See Compl. ¶ 93.) As set forth above, however, Kulikova's Complaint contains no allegations to support a finding that she, in fact, tendered to Shellpoint the amounts due under her loan.

Accordingly, the Fifth Claim is subject to dismissal.

#### 5. Seventh Claim

In her Seventh Claim, Kulikova alleges that Shellpoint and Caliber, along with NDSC, violated 18 U.S.C. § 1341, a statute that criminalizes mail fraud.

No private right of action, however, exists under § 1341. See Cirino v. GMAC Mortgage LLC, 667 Fed. Appx. 248, 249 (9th Cir. 2016) (holding "[d]ismissal of [plaintiff's] mail fraud claim was proper because the mail fraud statute does not provide a private right of action"). Moreover, said claim, which appears to be based on an allegation that Shellpoint and Caliber falsely stated, in some manner, that Kulikova had not tendered in full, fails for the additional reason that the Complaint, as set forth above, fails to allege that any such statement was false.

Accordingly, to the extent the Seventh Claim is asserted against Shellpoint and Caliber, the Seventh Claim is subject to dismissal.

#### 6. Eighth Claim

In her Eighth Claim, Kulikova alleges that Shellpoint and Caliber engaged in "violations of the RICO" (see Compl. at 18:7), i.e., the Racketeering Influenced and Corrupt Organizations Act, by "concealing" she "tendered in full" (see Compl. ¶ 104). As noted, however, Kulikova fails to allege sufficient facts to support a finding that she made any such tender.

Accordingly, the Eighth Claim is subject to dismissal.

### C. NDSC

NDSC seeks dismissal of all claims asserted against it. As set forth below, NDSC's motion to dismiss will be granted.

#### 1. First Claim

In her First Claim, Kulikova alleges NDSC violated the Consumer Financial Protection Act ("CFPA"), by engaging in a "deceptive foreclosure" in light of Kulikova's having "tendered in full." (See Compl. ¶ 80.)

The CFPA, however, "does not provide for a private right of action," see Williams v. Lobel Financial Corp., 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023). In particular,

although Congress provided the Bureau of Consumer Financial Protection ("Bureau") with authority to bring an action under the CFPA, see 12 U.S.C. § 5564(a) (providing, "[i]f any person violates [the CFPA], the Bureau may . . . commence a civil action against such person"), no such authority was provided to any individual or other entity, see id. Moreover, as discussed above, Kulikova has failed to allege facts to support a finding that she tendered in full.[3]

Accordingly, the First Claim is subject to dismissal.

**2. Second Claim**

As noted, the Second Claim is based on the allegation that the defendants named therein violated § 1692e, and, as further noted, such claims are not cognizable against "security interest enforcers," such as NDSC, a trustee. See Dowers, 852 F.3d at 970; see also Ho v. ReconTrust Co., 858 F.3d 570, 572 (9th Cir. 2017) (affirming dismissal of § 1692e claim against trustee; holding "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA").

Accordingly, to the extent the Second Claim is asserted against NDSC, the Second Claim is subject to dismissal.

**3. Third Claim**

As discussed above, the Third Claim is cognizable only in the event Kulikova has alleged a violation of § 1692f(6), and Kulikova has failed to allege facts to support such a violation.

Accordingly, to the extent the Third Claim is asserted against NDSC, the Third Claim is subject to dismissal.

//

---

[3] To the extent NDSC argues the First Claim and the other claims asserted against it are subject to dismissal based on a privilege existing under California law, the Court disagrees, as privileges under state law only apply in federal court where "state law supplies the rule of decision," see Fed. R. Evid. 501, and each claim asserted against NDSC arises under federal law.

7

#### 4. Fourth Claim

The Fourth Claim, as noted above, asserts all defendants violated § 1692g.

For the reasons stated above with respect to Shellpoint and Caliber, the Fourth Claim is subject to dismissal as to NDSC.

Accordingly, to the extent the Fourth Claim is asserted against NDSC, the Fourth Claim is subject to dismissal.

#### 5. Seventh Claim

The Seventh Claim, as noted above, asserts the defendants named therein violated 18 U.S.C. § 1341.

For the reasons stated above with respect to Shellpoint and Caliber, the Seventh Claim likewise fails as to NDSC.

Accordingly, to the extent the Seventh Claim is asserted against NDSC, the Seventh Claim is subject to dismissal.

### CONCLUSION

For the reasons set forth above, the motions to dismiss are hereby GRANTED.

Should Kulikova wish to file a First Amended Complaint ("FAC"), such amended pleading shall be filed no later than December 13, 2024.

Lastly, in light of the above, the Case Management Conference is hereby CONTINUED from December 13, 2024, to February 28, 2025, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than February 21, 2025.

**IT IS SO ORDERED.**

Dated: November 26, 2024

MAXINE M. CHESNEY
United States District Judge