IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIKA KULIKOVA,<br><br>    Plaintiff,<br><br>  v.<br><br>NEWREZ LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-01864-MMC<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT; DENYING MOTION FOR DEFAULT JUDGMENT; AMENDING SUMMONS NUNC PRO TUNC; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |

Before the Court is DGG RE Investments LLC's ("DGG") "Motion to Set Aside Default of Non-Party DGG," filed November 6, 2024.[1] Plaintiff Monika Kulikova ("Kulikova") has filed opposition, which filing includes a motion for default judgment against DGG; DGG has filed a reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 13, 2024, and rules as follows.

In her Complaint, Kulikova asserts claims against an entity she describes as "Guardian Asset Management (or Guardian Asset Management, Inc.)" (see Compl. ¶ 13), whose employees or agents, she alleges, "trespassed" on Kulikova's property "several times" (see Compl. ¶ 40), leaving on Kulikova's front door on at least two of those occasions a "notice" stating, inter alia, it had been left by "Guardian Asset Management,

---

[1] DGG failed to provide the Court with a courtesy copy of its motion and a supporting declaration. Nonetheless, the Court has considered those filings. For future reference, DGG is reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

2300 East Lincoln Hwy Langhorne PA 19047" (see Compl. ¶¶ 42, 44, Ex. G).  After the Complaint was filed, Kulikova served it upon DGG along with a summons, in which the defendant was identified as "Guardian Asset Management" (see Doc. Nos. 4, 26), and the Clerk of Court, upon request by Kulikova after the time for DGG to file a response had passed, entered the default of "Guardian Asset Management" (see Doc. No. 51).  In its motion, DGG argues the default should be set aside, for the asserted reason that it is a "non-party" (see Mot. at 1), in that neither the summons nor Complaint contains any reference to DGG, but, rather, to "Guardian Asset Management," the name under which DGG does business.

Where an entity that is served with a summons and complaint is not named in the summons or complaint, but said entity is "the defendant intended to be named," i.e., there is a "misnomer," the plaintiff should be afforded leave to amend the summons and complaint.  See, e.g., Grandey v. Pacific Indemnity Co., 217 F.2d 27, 28-29 (5th Cir. 1954); see also Goodrich v. England, 292 F.2d 298, 301 (9th Cir. 1958) (finding, where complaint misnames entity plaintiff "intend[ed] to bring before the court" and such entity was "adequately served with process," leave to amend to identify intended party should be granted).

Here, DGG does not dispute that its agent for service of process was the individual whom Kulikova caused to be served with the summons and Complaint.  Further, DGG acknowledges it does business as "Guardian Asset Management" (see DGG's Mot. at 3:16), and has not disputed Kulikova's showing, made in support of her opposition, that DGG's address is in fact the same address as that stated on the notices the alleged "trespasser" left on Kulikova's door (see Kulikova Aff. Ex. C).

Under such circumstances, it is readily apparent that Kulikova intended to sue DGG, and, in light of the authority cited above, leave to amend the summons and Complaint to reflect the name of the defendant Kulikova intended to sue is proper.  With respect to the summons, the Court will order it deemed amended nunc pro tunc to reflect the name of the defendant is DGG.  See Campbell v. Fernando-Sholes, 2009 WL

2030561, at *5 (D. Ariz. July 9, 2009) (amending summons nunc pro tunc, where plaintiff intended to sue defendant entity but misnamed defendant in summons). Additionally, as discussed below, plaintiff will be afforded leave to amend her Complaint to name DGG as the party she alleges is responsible for the alleged acts of trespass.

Accordingly, DGG's motion to set aside the default, which motion, as noted, is based on the theory that DGG is a non-party in light of its having not been named in the summons and Complaint, will be denied.

Kulikova's motion for default judgment, however, will be denied, as the Complaint does not contain a cognizable claim against DGG. See Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (holding, where there is a "lack of merit" as to claims asserted in complaint, district court does not err in denying motion for default judgment).[2]

In particular, the Court finds the two causes of action asserted against "Guardian Asset Management," i.e., DGG, are not sufficient to state a claim. The Fourth Claim, by which Kulikova alleges all defendants, in not responding to Kulikova's requests for "validation" of her loan (see Compl. ¶ 88), violated 15 U.S.C. § 1692g, a subsection of the Fair Debt Collection Practices Act, is not cognizable as asserted against DGG; as set forth in the Order Granting Motions to Dismiss, filed November 26, 2024 ("November 26 Order"), said subsection applies exclusively to "debt collectors" (see November 26 Order at 2:16-20), and Kulikova has alleged no facts to support a finding that DGG is a debt collector (see id. at 2:28-3:3). The Sixth Claim, by which Kulikova alleges DGG violated the Consumer Financial Protection Act ("CFPA") when its "agents or vendors" engaged in acts of trespass on Kulikova's property (see Compl. ¶ 96), likewise is not cognizable; as set forth in the November 26 Order, no private right of action exists under the CFPA (see

---

[2] Additionally, Kulikova's motion for default judgment is procedurally deficient. First, a motion must be submitted "in one filed document," see Civil L.R. 7-2(b), not, as here, included in an opposition. Second, a motion must be "filed, served and noticed . . . for hearing not less than 35 days after filing the motion," see Civil L.R. 7-2(a), and Kulikova's motion was filed, served, and noticed for hearing only 23 days after the date on which it was filed.

November 26 Order at 6:27-7:4).

In the November 26 Order, the Court afforded Kulikova leave to file, no later than December 13, 2024, a First Amended Complaint, for purposes of amending her claims against the defendants that filed motions to dismiss. The Court will afford Kulikova leave to amend her claims against DGG as well.

## CONCLUSION

For the reasons stated above:

1. DGG's motion to set aside the default is hereby DENIED.

2. Kulikova's motion for default judgment is hereby DENIED.

3. The summons issued by the Clerk of Court with the name "Guardian Asset Management" is hereby deemed AMENDED to read "DGG RE Investments LLC."

4. Kulikova is hereby afforded leave to substitute "DGG RE Investments LLC" for "Guardian Asset Management" and to amend her claims against said entity; any such amended claims shall be included in a First Amended Complaint, to be filed, as set forth in the November 26 Order, no later than December 13, 2024.

**IT IS SO ORDERED.**

Dated: November 27, 2024

MAXINE M. CHESNEY
United States District Judge