IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIKA KULIKOVA,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWREZ LLC, et al.,<br><br>    Defendants. | Case No. 24-cv-01864-MMC<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND; VACATING HEARING; DIRECTIONS TO CLERK** |

Before the Court are the following: (1) defendants NewRez LLC, dba Shellpoint Mortgage Servicing ("Shellpoint") and Caliber Home Loans, Inc.'s ("Caliber") Motion, filed January 23, 2025, "to Dismiss Plaintiff Monika Kulikova's First Amended Complaint"; and (2) defendant National Default Servicing Corporation's ("NDSC") "Notice of Joinder," filed January 27, 2025, which document the Court, by order filed February 6, 2025, construed as a motion to dismiss. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition thereto, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for March 7, 2025, and rules as follows.

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual

material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

In the above-titled action, plaintiff Monika Kulikova ("Kulikova"), who proceeds pro se, asserts claims arising out of a foreclosure allegedly initiated by Shellpoint after it determined Kulikova was in default of her obligations under a "promissory note secured by a deed of trust" on real property in Point Richmond, California.  (See First Amended Complaint ("FAC") at 3:9-20, 27-28.)  By order filed November 26, 2024 ("November 26 Order"), the Court dismissed the initial Complaint for failure to state a cognizable claim and afforded Kulikova leave to amend, which she subsequently did.  Defendants argue that the First Amended Complaint ("FAC"), which consists of three Counts, likewise is subject to dismissal.  The Court considers the three Counts, in turn.

**A. Count I (Fair Debt Collection Practices Act ("FDCPA")**

In Count I, Kulikova asserts that Shellpoint and Caliber, each of which is alleged to be a loan servicer (see FAC at 3:10, 14), and NDSC, which is alleged to be a foreclosure trustee and agent of Shellpoint (see FAC at 3:18), failed to comply with three subsections of the FDCPA, namely 15 U.S.C. §§ 1692(e)(2), 1692f(1), and 1692g(b).  Those subsections prohibit a "debt collector" from, respectively, making a "false representation" as to the amount of a debt, see 15 U.S.C. § 1692e(2), "collect[ing]" a debt that is not "expressly authorized by the agreement creating the debt or permitted by law," see 15 U.S.C. § 15 U.S.C. § 1692f(1), and, upon notification by a "consumer" that a debt is "disputed," collecting the debt without first obtaining "verification of the debt" and "mail[ing]" such verification to the consumer, see 15 U.S.C. § 1692g(b).

As explained in more detail in the November 26 Order, mortgage servicers and foreclosure trustees are not "debt collectors" for purposes of the FDCPA, with the sole

1  exception that such entities can be held liable for violations of 15 U.S.C. § 1692f(6),
2  which prohibits taking "nonjudicial action to effect dispossession or disablement of
3  property," i.e., a foreclosure, where "there is no present right to possession of the
4  property claimed as collateral through an enforceable security interest." See 15 U.S.C.
5  § 1692f(6); Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 966, 970 (9th Cir. 2017)
6  (describing § 1692f(6) as "*only*" subsection of FDCPA that "regulates security interest
7  enforcement activity"; affirming judgment dismissing all other FDCPA claims against
8  entities "servicing" home loans (emphasis in original)); Ho v. ReconTrust Co., 858 F.3d
9  570, 572 (9th Cir. 2017) (affirming dismissal of FDCPA claims against foreclosure
10 trustee, where plaintiff did not assert claim under § 1692f(6); noting "security enforcers
11 are debt collectors only for the limited purposes of [§] 1692f(6)").

      Here, Kulikova does not assert a claim under § 1692f(6), and, consequently, fails to state a cognizable claim under the FDCPA.[1]

      Accordingly, Count I is subject to dismissal.

## B. Count II (Fair Credit Reporting Act)

      In Count II, Kulikova asserts against Shellpoint a claim under a subsection of the Fair Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. § 1681s-2(b). Said subsection provides that, where an entity has reported information to "a consumer reporting agency" and the consumer has "dispute[d]" the "completeness or accuracy of [the] information," said entity must "conduct an investigation with respect to the disputed information" and "report the results to the consumer reporting agency." See 15 U.S.C. § 1681s-2(b)(1).

      In the November 26 Order, the Court dismissed the claim as alleged in the initial Complaint, finding Kulikova had failed to provide any facts to support the theory alleged therein, namely, that Shellpoint violated the FCRA by not reporting to consumer reporting agencies that Kulikova had tendered all amounts due under the terms of her loan. In

---

[1] Kulikova's initial complaint included a claim under § 1692f(6), which the Court dismissed with leave to amend. Kulikova elected not to amend that claim.

1  particular, the Court found unavailing Kulikova's reliance on her allegation that she
2  submitted to Shellpoint an instrument assertedly drawn on the funds of the United States
3  Treasury ("UST"), as she failed to allege, and could not allege, such instrument was
4  negotiable.  See United States v. Anderson, 353 F.3d 490, 500 (6th Cir. 2003) (holding
5  "the United States Treasury maintains no depository accounts against which an individual
6  could draw a check, draft, or any other financial instrument"); In re Hill, 2015 WL
7  5575499, at *3 (Bankr. E.D. Tenn. September 18, 2015) (observing "[c]ourts have
8  consistently found . . . bills of exchange, notes, and letters of credit supposedly drawn on
9  treasury accounts are not legal lender and are, in fact, nothing more than worthless
10 pieces of paper" (internal quotation, citation and alteration omitted) (citing cases)).

In the FAC, Kulikova relies on the same theory of liability.  (See FAC at 4:24-26, 7:18-26.)[2]  Kulikova again fails, however, to allege any facts to support a finding that the subject instrument was negotiable and, in light of the authorities cited in the November 26 Order and above, cannot do so.

Accordingly, Count II is subject to dismissal.

## C.  Count III (Wrongful Foreclosure)

In Count III, Kulikova asserts against all defendants a claim of wrongful foreclosure, which claim is premised on Kulikova's having "tendered full payment" of her obligations by submitting the above-referenced instrument assertedly payable from funds held by the UST and defendants having failed to accept such instrument.  (See FAC at 9 at 1-2.)  As discussed above, however, Kulikova fails to allege, and, indeed, cannot allege, any facts to support a finding that the referenced instrument was negotiable.

Accordingly, Count III is subject to dismissal.

---

[2] A copy of the subject instrument is attached as an exhibit to the initial Complaint. Although Kulikova has not attached a copy of that instrument to the FAC, she has submitted a copy thereof in support of her opposition to defendants' motions to dismiss (see Pl.'s Opp. Ex. A.2), which instrument, she clarifies in her opposition, is the instrument she asserts sufficed to constitute full payment of her obligations under her loan.

4

**CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and, as further leave to amend would be futile, the FAC is hereby DISMISSED without further leave to amend.

The Clerk of Court is hereby DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: February 27, 2025

MAXINE M. CHESNEY
United States District Judge